[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #117
The plaintiff's motion for summary judgment is granted as to liability. On July 24, 1995, the plaintiff filed a motion for summary judgment as to liability, along with evidence of the note and mortgage to be foreclosed, evidence of the default by the defendants and a supporting memorandum of law.
The defendants allege, as a special defense, that the plaintiff failed to deal fairly and in good faith in the defendants' bankruptcy proceeding, wherein the plaintiff was named as a secured creditor, which caused the Chapter 11 proceeding to be converted into a Chapter 7 proceeding. The defendants further allege that the plaintiff is precluded from seeking a foreclosure because it has "unclean hands."
While courts have recognized equitable defenses in foreclosure actions, they have generally only been considered proper when they "attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder."Lawall Realty, Ltd. v. Auwood, Superior Court, judicial district of New London at New London, Docket No. 527050 (March 1, 1994, Leuba, J.); National Mortgage Co. v. McMahon, 9 CSCR 300
(February 18, 1994, Celotto, J.). In addition, courts have held that "defenses to foreclosure are recognized when they attack the note itself rather than some behavior of the mortgagor." OpticareCenters v. Aaron, Superior Court, judicial district of Waterbury, Docket No. 111491 (February 24, 1994, Sylvester, J.).
The alleged failure by the plaintiff to act in good faith in the bankruptcy proceeding is not a special defense in the present action because it does not "attack the making, validity or enforcement of the lien," but instead relates to the subsequent actions of the plaintiff. Lawall Realty, Ltd. v. Auwood, supra.
Furthermore, the doctrine of unclean hands "is applied not for the protection of the parties but for the protection of the court." Shawmut Bank v. Carriage Hill Estates, Inc., Superior Court, judicial district of Waterbury, Docket No. 116593 (June CT Page 12669 10, 1994, West, J.), quoting Pappas v. Pappas, 164 Conn. 242,246, 320 A.2d 809 (1973). "The defense of unclean hands to a mortgage foreclosure has generally been disallowed in this state." Mechanics/Farmers Savings Bank, FSB v. Delco DevelopmentCo., Inc., 43 Conn. Sup. 408, 420 (1993). Accordingly, the motion for summary judgment is granted.
NADEAU, J.